NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0431n.06

No. 23-5837

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Oct 28, 2024 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) |  |
|  | ) | ON APPEAL FROM THE |
| TAJUAN M. MCDOWELL, aka Tawain McDowell, | ) | UNITED STATES DISTRICT |
| Defendant, | ) | COURT FOR THE WESTERN |
|  | ) | DISTRICT OF KENTUCKY |
| MICHAEL SMITHERS, | ) |  |
| Proposed Intervenor - Appellant. | ) | OPINION |
|  | ) |  |
|  | ) |  |
|  | ) |  |

Before: GIBBONS, BUSH, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Michael Smithers was charged with complicity to murder in Kentucky state court. While that case was pending, he moved to intervene in Tajuan McDowell's federal criminal case, seeking to unseal documents in McDowell's docket. Smithers believed that the sealed documents might be relevant to his defense in state court. The district court denied Smithers' motion to intervene, and he appealed. After we heard argument, Smithers was convicted by jury in the state proceedings. In a negotiated penalty agreement, he waived his right to appeal. Given those developments in state court, Smithers no longer has a justiciable interest in unsealing the documents in McDowell's federal case. We therefore DISMISS this appeal as moot.

I.

In August 2020, Tajuan McDowell pleaded guilty to one federal drug offense. Then, in July 2023, Michael Smithers filed a motion to intervene in McDowell's case. Smithers sought to

unseal a docket entry in the case, entitled "Plea Agreement Supplement." At the time of the motion, Smithers had been charged in Kentucky state court "with complicity to murder for the death of Ms. Chatariona Harrison." R. 336, Motion to Intervene, PageID 1762. Smithers' motion averred that McDowell had been named as "a putative witness in" Smithers' case. *Id.* According to Smithers, McDowell had been with Harrison in her car just before Harrison was shot. Smithers wanted to "uncover any inducements or other government-conferred benefits" that McDowell might have received in exchange for his expected testimony in the state case against Smithers, and he believed the sealed materials might contain evidence of such inducements or benefits. *Id.* at 1764. And, he claimed, the First Amendment gave him a right to access the sealed documents.

The district court denied Smithers' motion. It explained that, under the district's General Order 2010-06, a sealed "plea supplement" must be filed in conjunction with any plea agreement. The plea supplement contains either a cooperation agreement or a statement that no such agreement exists. By making the dockets of all defendants who plead guilty identical in this respect, the General Order "protects the safety of cooperators and their families from potential wrongdoers." R. 338, District Court Order, PageID 1781. But it only achieves its purpose through uniform adherence to the sealing requirement. The district court assumed that a First Amendment right of access attached to the plea supplement, but it concluded that General Order 2010-06's blanket sealing policy was "narrowly tailored to achieve th[e] compelling interest" of protecting cooperators and, thus, overcame Smithers' right of access. *Id.* at 1782. So the district court denied Smithers' motion to intervene.

Smithers appealed. After we heard oral argument in the case, Smithers' state criminal case went to trial, and he was convicted by a jury. As part of a negotiated penalty agreement, Smithers

waived his right to appeal his conviction. We ordered supplemental briefing to address whether Smithers continued to possess a justiciable interest in intervening in the federal case of McDowell.

II.

For a federal court to exercise jurisdiction over an actual case or controversy, a plaintiff must assert a cognizable injury—both at the outset and throughout the case. *Barry v. Lyon*, 834 F.3d 706, 715 (6th Cir. 2016). So if a plaintiff's initially cognizable injury ceases during the lawsuit's pendency, the case becomes moot. *See id.* Some cognizable injuries are informational. *E.g.*, *FEC v. Akins*, 524 U.S. 11, 24–25 (1998). But an informational injury is sufficient to support standing only if the plaintiff has "suffered adverse effects from the denial of access to [the] information." *Grae v. Corrections Corp. of Am.*, 57 F.4th 567, 570 (6th Cir. 2023). In other words, a plaintiff must identify "downstream consequences" from the information's denial. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021) (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020)).

At the outset, Smithers' asserted interest in intervening in McDowell's case was premised on the potential benefit that the sealed material might offer to his own criminal defense in state court. But Smithers' criminal case is now over; he has waived the right to appeal; and he acknowledges that he has "not advance[d]" in this litigation any other "downstream consequence" that he would suffer without access to the information. Appellant Supp. Br. at 3. Without any adverse effect or downstream consequence, Smithers lacks a cognizable injury.

We therefore DISMISS this appeal as moot.